UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACE AMERICAN INSURANCE
COMPANY,                                                Case No. 2:22-cv-10334

                              Plaintiff,               HONORABLE STEPHEN J. MURPHY, III

v.

ABC PROFESSIONAL ENTERPRISE
LLC,

                              Defendant.
_____/

**OPINION AND ORDER DENYING MOTION TO SET ASIDE
ENTRY OF DEFAULT AND DISMISS FOR IMPROPER SERVICE OF
PROCESS [10] AND GRANTING MOTION FOR DEFAULT JUDGMENT [8]**

Plaintiff ACE American Insurance Company insured a boat owned by Dr. Avi
Wasserman. ECF 8-8, PgID 40. When Wasserman discovered damage to his boat
while it was stored in Defendant ABC Professional Enterprise's facility, he made a
claim with Plaintiff pursuant to the insurance policy, and Plaintiff paid the claim.
*Id.*; ECF 8-9, PgID 43. Plaintiff then filed suit against Defendant and alleged breach
of contract, breach of bailment, and negligence. ECF 1.

Plaintiff attempted six times to serve the complaint on Defendant at its
registered address of 11000 Freud Street, Detroit, Michigan, 78214.[1] ECF 8-5, PgID
34; ECF 8-3, PgID 25. First, on April 8, 2022, the process server "spoke with a black

---

[1] Defendant is a limited liability company with a registered agent named Jason
McGuire. Mr. McGuire's address is also 11000 Freud Street, Detroit, Michigan 78214.
ECF 8-3, PgID 25.

female [manager] . . . who stated that she [wa]s not allowed to accept service and that no one else [wa]s available to accept service." ECF 8-5, PgID 34. The woman refused to give her name. *Id.* The same thing occurred during Plaintiff's second, third, and fourth attempts at service. *Id.* The Freud street office was closed on the fifth attempt. *Id.* On the May 12, 2022 sixth attempt, the process server was able to leave a "set of the documents" with the unnamed woman, who again stated that she "could not accept the documents." *Id.* Plaintiff then mailed the complaint to Defendant at its address on June 13, 2022. ECF 11-6, PgID 81. But Defendant again refused to accept service and returned the documents to Plaintiff. *Id.* A certificate of service was filed on the docket on June 23, 2022, stated that Defendant had been served on May 12, 2022 and that an answer or other responsive pleading was due on or before June 3, 2022. ECF 4; *see* Fed. R. Civ. P. 12(a)(1)(A)(i).

Defendant failed to answer or otherwise respond to the complaint by June 3, 2022. ECF 4; *see* Fed. R. Civ. P. 12(a)(1)(A)(i). The Court ordered Plaintiff to show cause for why the case should not be dismissed for failure to prosecute. ECF 5. In response, Plaintiff requested that the Clerk of the Court enter Defendant into default on July 18, 2022 because Defendant had "failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 12." ECF 6, PgID 12. The Clerk entered Defendant into default on July 19, 2022. ECF 7. Plaintiff then moved for default judgment.[2] ECF 8.

---

[2] Plaintiff sent notice of the motion for default judgment to Defendant on July 20, 2022. ECF 8-1, PgID 20.

Attorney Shakeena Melbourne filed an appearance on behalf of Defendant on August 1, 2022. ECF 9. Defendant moved to set aside the entry of default and dismiss the case for insufficient service of process. ECF 10. Defendant claimed that "service of process was insufficient in this matter" because it was not made on an agent or officer of the corporation. *Id.* at 53. Plaintiff responded that service of process was sufficient because it had attempted six times to serve the complaint on Defendant at its registered address. ECF 11, PgID 61.

The Court scheduled a hearing on the motion for March 29, 2023. ECF 13. The case was then reassigned from Judge Gershwin A. Drain on January 24, 2023. ECF 14. For the reasons below, the Court will deny the motion to set aside the entry of default, deny the motion to dismiss the case, and grant the motion for default judgment.[3]

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that the Court "may set aside an entry of default for good cause." "Though the decision lies with the discretion of the trial court, exercise of that discretion entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir. 1983). "All three factors must be considered in ruling on a motion to set aside entry of default." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*,

---

[3] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2). The Court will therefore cancel the motion hearing scheduled for March 29, 2023. ECF 13.

796 F.2d 190, 194 (6th Cir. 1986). And if the second and third factors "militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Id.* Nevertheless, a "district court enjoys considerable latitude . . . [in deciding whether to grant] a defendant relief from a default entry." *United States v. Real Prop., All Furnishings Known as Bridwell's Grocery*, 195 F.3d 819, 820 (6th Cir. 1999) (cleaned up).

## DISCUSSION

Defendant moved to set aside the entry of default and dismiss the complaint. ECF 10. The Court will first address whether to set aside the entry of default.

I.   <u>Entry of Default</u>

Defendant argued that the Court should set aside the entry of default because Plaintiff failed to execute proper service of the complaint. *Id.* at 53. Defendant maintained that it had not willfully caused the default and Plaintiff would not be prejudiced if the default was set aside. *Id.* at 54. Defendant also argued that the timeliness of its response to the entry of default supports setting aside the default because it showed an active defense of the case. *Id.* at 55.

The first *United Coin* factor militates against setting aside the default because Defendant's default was willful. To be willful, "the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard*, 796 F.2d at 194. Here, Defendant's registered agent Jason McGuire was unavailable all six times Plaintiff

tried to complete service. And the woman who met the process server during each attempt refused to give her name and refused to accept service. Even the mailed summons and copy of the complaint were refused and sent back to Plaintiff. The evidence is, quite simply, that the default did not arise from a miscommunication about motion practice deadlines or a disagreement about when process was to be served, for instance. *See, e.g.*, *United Coin*, 705 F.2d at 844; *Shepard*, 796 F.2d at 194; *TDC Int'l Corp. v. Burnham*, No. 08-cv-14792, 2009 WL 424799, at *2 (E.D. Mich. Feb. 20, 2009). Nor did it arise from Plaintiff's failure to properly attempt service. Rather, the default arose from Defendant's repeated efforts to evade and refuse service. Because Defendant's conduct displayed, at minimum, a pattern of "reckless disregard for the effect of its conduct on [judicial] proceedings," the first factor weighs against setting aside the entry of default.

The second factor favors setting aside the entry of default because setting aside the default would not prejudice Plaintiff. Delay alone is insufficient to establish prejudice. *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (cleaned up). Instead, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (cleaned up). Plaintiff offered no evidence that the delay caused by the default would result in the loss of evidence or increased difficulty during discovery or opportunity for fraud. *See* ECF 11, PgID 62–64. Indeed, Plaintiff did not even claim that it would be prejudiced if the Court were to set aside the

default. *See id*. Because setting aside the default would not prejudice Plaintiff, the second factor favors granting Defendant's motion.

The third factor weighs against setting aside the entry of default. A defense is meritorious if it is "good at law." *United Coin*, 705 F.3d at 845. "A defendant does not need to support its defense with detailed factual allegations to be deemed meritorious." *Mitchell v. Roosen Varchetti & Oliver, PLLC*, No. 13-cv-12257, 2013 WL 6181721, at *2 (E.D. Mich. Nov. 26, 2013) (quotation marks and quotation omitted). And "[l]ikelihood of success is not the measure" of whether a defense is meritorious. *United Coin*, 705 F.3d at 845 (quotation and quotation marks omitted). All disputed facts should be resolved in the light most favorable to the defendant. *INVST*, 815 F.2d at 398.

Yet even considering the facts in the light most favorable to Defendant, Defendant failed to present a meritorious defense. Indeed, Defendant simply bypassed consideration of the "meritorious defense" factor in its brief. *See* ECF 10, PgID 52–56. And given that Defendant did not file an answer or attach any exhibits to its motion, no additional filings suggest a meritorious defense. *See, e.g.*, *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010) (a defense asserted in an answer constituted a meritorious defense for purposes of a separate pending motion); *Mitchell*, 2013 WL 6181721, at *2 (a previous motion to dismiss contained a meritorious defense). Defendant's failure to assert a meritorious defense thus militates against setting aside the entry of default.

6

Defendant generally argued that the entry of default should be set aside because Plaintiff improperly served the complaint. ECF 10, PgID 53. But that argument, even if construed as a defense to Defendant's default, is not meritorious because Plaintiff properly served Defendant under the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 4(h)(1) provides that a limited liability company may be served either:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statue so requires—by also mailing a copy of each to the defendant.

And Rule 4(e)(1) provides, in relevant part, that an individual must be served by either "following [S]tate law for serving a summons in an action brought in courts of general jurisdiction in the [S]tate where the district court is located or where service is made" or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." In turn, Michigan law provides that "[s]ervice of process on a limited liability company" can be completed by

> serving a summons and a copy of the complaint on a member or other person in charge of an office or business establishment of the limited liability company and sending a summons and a copy of the complaint by registered mail, addressed to the registered office of the limited liability company.

Mich. Ct. R. 2.105(H)(2).[4] And Plaintiff satisfied rule 2.105(H)(2). Plaintiff served the summons and complaint on the unnamed woman who met the process server at Defendant's registered location. ECF 8-3, PgID 25. The woman's conduct, particularly the fact that she was the person who met the process server at Defendant's registered location every time Plaintiff sought to complete service, suggests that she is a "person in charge of an office or business establishment of" Defendant. Mich. Ct. R. 2.105(H)(2). Plaintiff also sent the summons and a copy of the complaint by registered mail to Defendant's registered location. ECF 11-1, PgID 68. Plaintiff therefore satisfied both prongs of 2.105(H)(2) and thus properly served the complaint and summons under Federal Rule of Civil Procedure 4(e)(1).

Moreover, Plaintiff timely served Defendant under Rule 4(m), which requires a plaintiff to complete service no later than ninety days after it files the complaint. The complaint was filed on February 16, 2022. *See* ECF 1. And service was completed on May 12, 2022, eighty-five days after the complaint was filed. *See* ECF 4. In sum, Plaintiff properly served Defendant in accordance with the Federal Rules of Civil Procedure.

Defendant also argued that service was insufficient because it was attempted on an unidentified woman rather than on the resident agent himself, Jason McGuire.

---

[4] The parties cited Michigan Court Rule 2.105(E), which deals with partnership and unincorporated voluntary associations rather than limited liability companies. ECF 10, PgID 53; ECF 11, PgID 62. They also cited caselaw from 2011 applying 2.105(E) to limited liability companies. *See id.* But 2.105(H) expressly addresses "[s]ervice of process on a limited liability company." 2.105(H) is therefore the appropriate provision for the Court's analysis.

ECF 10, PgID 54. But McGuire was not present any of the six times Plaintiff attempted to complete service at the registered location of Defendant. And Plaintiff's inability to provide the woman's name or position in relation to Defendant is due only to the woman's refusal to give her name and position. ECF 8-5, PgID 34. *Id.* What is more, neither the applicable State law nor the Federal Rules of Civil Procedure require Plaintiff to identify the name of the person on which service is completed. *See* Mich. Ct. R. 2.105(H); Fed. R. Civ. P. §§ 4(h)(1), 4(e)(1).

Last, Defendant argued that serving an individual who states that they cannot accept service makes service unsatisfactory. *Id.* But the unidentified woman's alleged refusal to accept service does not mean that Plaintiff failed to properly complete service. Service of process does not require an "in hand" delivery of the papers. *United States v. Miller*, No. 07-11700, 2007 WL 3173362, at *2 (E.D. Mich. Oct. 29, 2007) (citation omitted). "It is enough that a process server leaves the summons and complaint within the defendant's immediate proximity." *Project X Enter., Inc. v. Karam*, No. 14-cv-10761, 2014 WL 3385101, at *2 (E.D. Mich. July 10, 2014). Here, the process server left the summons and the complaint with the unnamed woman after five unsuccessful attempts to personally hand it to her.[5] ECF 8-5, PgID 34; ECF 11-1, PgID 68. The process server's actions were therefore "in accordance with the

---

[5] Defendant also argued that "[leaving a set of documents at an address without providing it to the officer and/or resident agent is like throwing the documents in the ocean. Service was not made." *Id.* at 53. But Defendant's argument fails for two reasons. First, it is unsupported and conclusory. And second, Rule 4(e)(1)(B)—and, by extension, Rule 4(h)(1)(A)—expressly contemplates service by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

9

applicable rules of civil procedure and in a manner reasonably calculated to notify []
[D]efendant of the institution of an action against [it]." *Miller*, 2007 WL 3173362, at
\*2 (quoting *Ali v. Mid-Atl. Settlement Servs., Inc.*, 233 F.R.D. 32, 36 (D.D.C.)). Thus,
Plaintiff made reasonable efforts to leave the papers with Defendant, and Defendant
"cannot claim that the [C]ourt has no[] authority to act." *Id.* In sum, the unnamed
woman's refusal to accept service of process does not invalidate Plaintiff's proper
service of process.

In all, even if the Court were to construe the argument that service was
improper as a defense to Defendant's default, it is unmeritorious because Plaintiff
properly served Defendant. Defendant's argument is thus not "good at law." *United
Coin*, 705 F.3d at 845. Because two of the three *United Coin* factors weigh against
Defendant, the Court will deny the motion to set aside the entry of default.[6] The Court
will also cancel the motion hearing scheduled for March 29, 2023. ECF 13.

II.   <u>Default Judgment</u>

Having denied the motion to set aside the entry of default, the Court will now
address the motion for default judgment filed by Plaintiff. *See* ECF 8. Plaintiff argued
that default judgment was warranted because Defendant "failed to plead or otherwise
defend in accordance with Federal Rule of Civil Procedure 55(a)." *Id.* at 19.

---

[6] Because the Court has found that Plaintiff properly served Defendant, the Court
will deny ECF 10, Defendant's motion to dismiss the complaint for failure to effect
proper service of process. *See* ECF 10, PgID 57–58.

(alterations omitted). For the following reasons, the Court will grant the motion for default judgment.[7]

Federal Rule of Civil Procedure 55(a) empowers courts to enter default judgment against defendants who have not pleaded or otherwise defended against an action. Obtaining a default is a prerequisite to default judgment. *Id.* Once default is entered, courts treat the defendant as having admitted the complaint's well-pleaded allegations. *McIntyre v. Ogemaw Cty. Bd. of Comm'rs*, No. 15-cv-12214, 2017 WL 1230477, at *2 (E.D. Mich. Apr. 4, 2017). If the allegations, taken as true, "are sufficient to support a finding of liability . . . the Court should enter judgment." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006).

And if the Court determines that default judgment is appropriate, the Court must determine the "amount and character" of the recovery awarded. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (4th ed. 2017) (collecting cases). Although the Court must take the complaint's well-pleaded factual allegations as true, the plaintiff must [still] prove allegations related to damages. *Id.* (citing *Thomson v. Wooster*, 114 U.S. 104 (1885) and *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995)). The Court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quotation omitted). "A

---

[7] Based on the briefing, the Court will resolve the motion without a hearing. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (4th ed.) ("Rule 55 does not require that testimony be presented as a prerequisite to the entry of a default judgment, and the [C]ourt has discretion to determine whether a hearing is necessary.") (footnotes omitted); E.D. Mich. L.R. 7.1(f)(2).

default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed R. Civ. P. 54(c). And although Federal Rule of Civil Procedure 55(b)(2) allows a district court to conduct an evidentiary hearing, the Court need not hold a hearing if it determines that one is unnecessary. *Missilmani v. Shirazi*, No. 19-cv-11408, 2020 WL 806118, at *3 (E.D. Mich. Feb. 18, 2020).

Plaintiff alleged breach of contract, breach of bailment, and negligence against Defendant. ECF 1, PgID 3–5. The Court will address each claim in turn.

### A.    *Breach of Contract*

The elements of a breach of contract claim are "(1) that there was a contract, (2) that the other party breached the contract, and (3) that the party asserting breach of contract suffered damages as a result of the breach." *AFT Michigan v. Michigan*, 303 Mich. App. 651, 660 (2014) (citation omitted).

Simply put, Plaintiff alleged facts that, taken as true, would support a finding of liability as to the breach of contract claim. First, Plaintiff alleged that Wasserman's boat was stored at Defendant's facility pursuant to a contract between Defendant and Wasserman. ECF 1, PgID 4 (claiming that "Defendant owed a contractual and statutory duty to Plaintiff, to provide acceptable and proper handling and storage of the vessel"). Second, Plaintiff alleged that Defendant breached the contract by "improperly plac[ing] [the boat] on the cradle when it was hauled" and "failing to properly secure the vessel." *Id.* at 2–3. And third, Plaintiff alleged that Defendant's breach caused Plaintiff, as Wasserman's insurer, to suffer damages because Defendant caused "fractures and distortions to both the port and starboard sections

12

of the hull" that required repairs costing $38,145." *Id.* at 2. In sum, taking the allegations as true, Plaintiff sufficiently alleged a breach of contract against Defendant. *See Ford*, 441 F. Supp. 2d at 848. Plaintiff thus has a right to default judgment on its breach of contract claim.

B.     *Breach of Bailment*

"The elements of a bailment under Michigan law require that one person deliver personal property to another in trust for a specific purpose, with a contract, express or implied, that the trust shall be faithfully executed and the property returned or duly accounted for when the special purpose is accomplished." *Crestmark Bank v. Electrolux Home Prod., Inc.*, 155 F. Supp. 3d 723, 742 (E.D. Mich. 2016) (alterations omitted) (citation omitted).

Plaintiff alleged sufficient facts that, taken as true, would establish liability for a breach of bailment. First, as explained above, Plaintiff alleged the existence of a contract between Wasserman and Defendant under which Wasserman "deliver[ed] personal property to" Defendant. ECF 1, PgID 4. Plaintiff alleged that Defendant had a duty to "to carry, bail, keep and care for, protect and deliver the subject vessel in the same good order and condition as at the time said Defendant first accepted it into its custody and control." ECF 1, PgID 4. Second, Plaintiff alleged that Defendant breached its duty by failing to deliver the boat in the same condition as when it accepted custody of the boat. *Id.* Plaintiff also alleged in detail the damage caused to the boat. ECF 1, PgID 3; ECF 8-1, PgID 17–19. And third, Plaintiff argued that Defendant's breach caused Plaintiff to suffer damages in the amount of $38,145. *Id.*

13

Indeed, Plaintiff provided the surveyor's report that contained photographs of the damage and explained in detail the justification for the requested damages. ECF 8-10, PgID 45–48. Thus, taking the allegations as true, Plaintiff alleged facts "sufficient to support a finding of liability" as to the breach of bailment claim. *Ford*, 441 F. Supp. 2d at 848. Plaintiff is thus entitled to default judgment on its breach of bailment claim.

  C. *Negligence*

  Last, Plaintiff alleged that Defendant had been "negligent as they failed to properly secure the vessel located on top of the cradle, causing damage to the vessel." ECF 1, PgID 5. "In an ordinary negligence case [in Michigan], a plaintiff must establish: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Est. of Sanders by Sanders v. Wright*, No. 340006, 2018 WL 5276458, at *3 (Mich. Ct. App. Oct. 23, 2018). As stated above, Defendant had a contractual duty to properly secure and keep the boat, and the boat was damaged through its negligent placement of the boat upon the cradle. ECF 1, PgID 5. Defendant's negligence, Plaintiff argued, caused Plaintiff to suffer damages in the amount of $38,145. *Id.* Again, for the reasons explained above, the Court finds that Plaintiff sufficiently alleged that Defendant was negligent in its handling of Wasserman's boat because it failed to properly secure and store the boat. *See* ECF 1, PgID 3–5. Thus, taking the allegations as true, Plaintiff alleged facts "sufficient to support a finding of liability" as to the negligence claim. *Ford*, 441 F. Supp. 2d at 848. Plaintiff is entitled to default judgment on its negligence claim.

D.    *Damages*

Plaintiff stated that "[a]s a direct and proximate result of the Defendant's negligence, Plaintiff has sustained damages in the amount of $38,145, plus $402.00 in statutory filing fees, and $53.50 for charges incurred for personal service upon the Defendant, totaling $38,600.50." ECF 8-1, PgID 20. The Court will award damages to Plaintiff in the amount of $38,145.[8] The complaint reflects requested damages of $38,145, which Plaintiff paid under the terms of Wasserman's insurance policy with Plaintiff. *See* ECF 8-8, PgID 40; ECF 8-9, PgID 43. Plaintiff also claimed, through the affidavit of its employee Vivian Williams, that it incurred $402.00 in statutory filing fees and $53.50 in service fees. ECF 8-8, PgID 41. But Plaintiff provided no evidence of the filing or service fees. *See id.* And Plaintiff has the burden to prove its allegations as to damages. *Antoine*, 66 F.3d at 110–11. Thus, because Plaintiff provided no evidence of the claimed filing or services fees it paid as part of the present litigation, the Court will not include them in the damages award. In sum, the Court will, after independent review, award Plaintiff damages in the amount of $38,145.

**WHEREFORE**, it is hereby **ORDERED** that the motion to set aside the entry of default [10] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to dismiss the complaint [10] is **DENIED**.

---

[8] The Court finds that a hearing to determine the damages amount is unnecessary. *See Missilmani*, 2020 WL 806118, at *3.

15

**IT IS FURTHER ORDERED** that the motion for default judgment [8] is **GRANTED** in the amount of **$38,145**.

**IT IS FURTHER ORDERED** that the motion hearing scheduled for March 29, 2023 [13] is **CANCELLED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 13, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 13, 2023, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

16